In this case affidavits submitted by two of the arbitrators reveal that plaintiff had been involved in accidents on August 16, 1985, and on February 20, 1987, as well as the accident involved in this action on February 25, 1987. The plaintiff testified at the hearing that he was unable to differentiate which pain was related to which accident.

After reviewing the record this court is of the opinion that the trial justice properly denied the plaintiff's motion to vacate the arbitration award.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.

■

**Steven BRODERICK**

v.

**Joseph PONTE.**

**No. 94–190–M.P.**

Supreme Court of Rhode Island.

April 29, 1994.

Jeffrey Pine, Aaron Weisman, Providence.

ORDER

This matter came before the court on a petition for writ of habeas corpus wherein the petitioner, who has been transferred from a North Carolina correctional facility to the Donald Wyatt Detention Facility in Central Falls, Rhode Island, seeks release from confinement in this state on the basis of the claimed impropriety of his transfer. We have recently considered a similar petition, *David Wilkins v. Joseph Ponte, Director Wyatt Detention Center,* 94–40–M.P., wherein we concluded that this court's jurisdiction may not be expanded so as to determine the

propriety of prisoner transfers authorized by the officials of another state. The same principle is applicable here.

Accordingly, the petition for writ of habeas corpus is denied.

WEISBERGER, Acting C.J., did not participate.

■

**Allen Jeffery CARR**

v.

**Joseph PONTE.**

**No. 94–176–M.P.**

Supreme Court of Rhode Island.

April 29, 1994.

Jeffrey Pine, Aaron Weisman, Providence.

ORDER

This matter came before the court on a petition for writ of habeas corpus wherein the petitioner, who has been transferred from a North Carolina correctional facility to the Donald Wyatt Detention Facility in Central Falls, Rhode Island, seeks release from confinement in this state on the basis of the claimed impropriety of his transfer. We have previously considered a similar petition, *David Wilkins v. Joseph Ponte, Director Wyatt Detention Center,* 94–40–M.P., wherein we concluded that this court's jurisdiction may not be expanded so as to determine the propriety of prisoner transfers authorized by the officials of another state. The same principle is applicable here.

Accordingly, the petition for writ of habeas corpus is denied.

WEISBERGER, Acting C.J., did not participate.

Elijah CURTIS, Sr.

v.

Joseph PONTE.

No. 94–180–M.P.

Supreme Court of Rhode Island.

April 29, 1994.

Jeffrey Pine, Aaron Weisman, Providence.

ORDER

This matter came before the court on a petition for writ of habeas corpus wherein the petitioner, who has been transferred from a North Carolina correctional facility to the Donald Wyatt Detention Facility in Central Falls, Rhode Island, seeks release from confinement in this state on the basis of the claimed impropriety of his transfer. We have previously considered a similar petition, *David Wilkins v. Joseph Ponte, Director Wyatt Detention Center*, 94–40–M.P., wherein we concluded that this court's jurisdiction may not be expanded so as to determine the propriety of prisoner transfers authorized by the officials of another state. The same principle is applicable here.

Accordingly, the petition for writ of habeas corpus is denied.

WEISBERGER, Acting C.J., did not participate.

John GADSDEN

v.

Joseph PONTE.

No. 94–179–M.P.

Supreme Court of Rhode Island.

April 29, 1994.

Jeffrey Pine, Aaron Weisman, Providence.

ORDER

This matter came before the court on a petition for writ of habeas corpus wherein the petitioner, who has been transferred from a North Carolina correctional facility to the Donald Wyatt Detention Facility in Central Falls, Rhode Island, seeks release from confinement in this state on the basis of the claimed impropriety of his transfer. We have previously considered a similar petition, *David Wilkins v. Joseph Ponte, Director Wyatt Detention Center*, 94–40–M.P., wherein we concluded that this court's jurisdiction may not be expanded so as to determine the propriety of prisoner transfers authorized by the officials of another state. The same principle is applicable here.

Accordingly, the petition for writ of habeas corpus is denied.

WEISBERGER, Acting C.J., did not participate.

